IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHERIF MAGHAWRI HAMED
MOHAMED ELBARKI,

      Petitioner,

v.

DORA CASTRO, in her official capacity as Warden of the Otero County Processing Center; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement; TODD M. LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; and PAMELA BONDI, in her official capacity as Attorney General of the United States,

      Respondents.

Case No. 2:26-cv-00173-MIS-GBW

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Sherif Maghawri Hamed Mohamed Elbarki's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition"), ECF No. 2, filed January 27, 2026. The Court issued the applicable Order to Show Cause, ECF No. 6, on February 4, 2026. The Order to Show Cause reminded Respondents that the Court has already decided the issues presented by the Petition and requires Respondents to demonstrate that the facts of this case warrant a departure from the Court's prior rulings.

Respondents Mary De Anda-Ybarra, Todd Lyons, Pamela Bondi, and Kristi Noem ("Federal Respondents") filed a Response to the Petition on February 9, 2026, ECF No. 8.

Counsel for the federal Respondents acknowledges the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-CV-00019-MIS-JFR, 2026 WL 74195 (D.N.M. Jan. 9, 2026), and concede that "the Court's decision in Duhan v. Noem, would control here if the Court adheres to that decision, as the facts are not materially distinguishable.…" Resp. at 2, ECF No. 8. Counsel did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 1-2.

Ultimately, the Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 8. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Sherif Maghawri Hamed Mohamed Elbarki's Petition for Writ of Habeas Corpus, ECF No. 2, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner from detention;

3. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

4. The Federal Respondents are further **ORDERED** to provide a copy of this Order to Respondent Castro's counsel, Tina Gooch, at tmg@sutinfirm.com by 2:00 p.m. today.

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE